Jonathan D. Edwards, Esq. SBN 269681
JONATHAN D. EDWARDS, ESQ.
Sole Practitioner
jonathan.edwards.law@gmail.com
4096 Piedmont Avenue No. 205
Oakland, CA 94611-5221
Telephone (510) 891-1767

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| DAVID EDWARDS,<br><br>    Petitioner**,**<br><br>  vs.<br><br>GARY SWARTHOUT, Warden<br><br>    Respondent. | Case No.:  2:13 at 00900<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**28 U.S.C. § 2254** |

Petition for Writ of Habeas Corpus

# TABLE OF CONTENTS

TABLE OF CONTENTS…ii

TABLE OF AUTHORITIES…iii

I.       JURISDICTION…1

II.      PROCEDURAL HISTORY…1

III.     STATEMENT OF FACTS…2

IV.      LEGAL ARGUMENT…3

    A.     The state court decision to deny habeas relief on procedural grounds is not adequate to bar Petitioner from seeking federal habeas relief…3

        i.     Standard for federal review…3

        ii.     The superior court opinion is inadequate to bar federal relief because it failed to recognize Mr. Edwards had properly exhausted his administrative remedies…4

        iii.     The superior court decision is inadequate to bar federal review because it ignored the futility exception to the requirement for administrative exhaustion…5

        iv.     The superior court decision is not adequate to bar federal review because it held administrative exhaustion was required contrary to *In re Mitchell*…6

    B.     The credit limitation of penal code section 2933.1 has been applied to Mr. Edwards in violation of the Fourteenth Amendment…7

V.       CONCLUSION…9

**TABLE OF AUTHORITIES**

<u>Federal Cases</u>

*Bennett v. Mueller*, 322 F.3d 573, 585, 586 (9th Cir. 2003)…4

*Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546 (1991)…3

*Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850 (1991)…4

*Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227 (1980)…7, 9

*La Crosse v. Kernan,* 244 F.3d 702 (9th Cir.2001)…3

*Morales v. Calderon,* 85 F.3d 1387 (9th Cir.1996)…4

*Noltie v. Peterson,* 9 F.3d 802 (9th Cir.1993)…3

*Park v. California,* 202 F.3d 1146 (9th Cir.2000)…3

*Poland v. Stewart,* 169 F.3d 573 (9th Cir.1999)…4

*Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254 (1980)…9

*Walker v. Deeds*, 50 F.3d 670 (9th Cir.1995)…7, 9

*Wood v. Hall,* 130 F.3d 373 (9th Cir.1997)…4, 5

<u>State Cases</u>

*In re Dexter*, 25 Cal.3d 921, 925 (1979)…6

*In re Hudson*, 143 Cal.App.4[th] 1, 49 Cal.Rptr.3d 74 (First Dist. 2006)…5

*In re Mitchell*, 97 Cal.Rptr.2d 41, 81 Cal.App.4th 653 (Cal. App. 2000)…6, 7, 8

*Ogo Associates v. City of Torrance,* 37 Cal.App.3d 830, 834, 112 Cal.Rptr. 761 (1974)…5

*People v. Singleton*, 66 Cal.Rptr.3d 738, 155 Cal.App.4th 1332 (App. 2 Dist. 2007)…8

*People v. Van Buren*, 113 Cal.Rptr.2d 510, 93 Cal.App.4th 875 (App. 2 Dist. 2001), review denied…7

*Sea & Sage Audubon Society, Inc. v. Planning Com.,* 34 Cal.3d 412, 194 Cal.Rptr. 357 (1983)…6

<u>Statutes</u>

Cal. Corp. Code § 25401…1, 2

Cal. Penal Code § 182…1, 8

Cal. Penal Code § 459/460(a)…1, 2

Cal. Penal Code § 667.5…2, 7, 8, 9

Cal. Penal Code § 2933.1…1, 2, 8, 9

28 U.S.C. § 2254…1

<u>State Regulations</u>

Cal. Code of Regulations Title 15 § 3084.7(h)(1)(A)…1, 4

Cal. Code of Regulations Title 15 § 3375.2(b)(25)…8

Petition for Writ of Habeas Corpus

## I.      JURISDICTION

Petitioner DAVID EDWARDS, No. V68885, is currently incarcerated in California State Prison, Solano in Vacaville, California.  The credit limitation in Cal. Penal Code § 2933.1 has been unconstitutionally applied to him, in violation of the Fourteenth Amendment, limiting his credit accrual to fifteen percent.   This Court has jurisdiction under 28 U.S.C. § 2254 to grant habeas relief and order this limitation removed and Mr. Edwards' time recalculated accordingly.

## II.     PROCEDURAL HISTORY

Mr. Edwards was convicted in Santa Clara Superior Court, case number 210807, and sentenced to serve twenty-seven years, eight months on February 17, 2005, for violating the Cal. Corp. Code § 25401 for unlawful sale of securities, Cal. Penal Code § 182(a)(1) for conspiring to violate Cal. Corp. Code § 25401, and Cal. Penal Code § 459/460(a) for 1st degree burglary.  Mr. Edwards has no prior convictions, and the conviction is based upon the actions taken from the State of Washington where his business was located and operated.  Mr. Edwards was tried and convicted with his father, James Edwards.  After conviction the California Department of Corrections and Rehabilitation (hereinafter "CDCR") applied the credit limitation in Cal. Penal Code § 2933.1 to Mr. Edwards.

On December 9, 2011, Mr. Edwards filed an administrative appeal with the CSP Solano Appeals Coordinator regarding CDCR's improper application of the credit restriction.  A true and correct copy of the December 9, 2011, administrative appeal is attached hereto as Exhibit "1".  The appeal was filed pursuant to the 2011 California Code of Regulations Title 15 § 3084.7(h)(1)(A), and was refused in a letter dated January 3, 2012, wherein the appeals coordinator stated that an inmate cannot have attorney representation on administrative appeals.  A true and correct copy of the January 3, 2012 Appeals Coordinator response letter is attached hereto as Exhibit "2".  Thereafter Mr. Edwards appealed to the Director of Corrections on February 10, 2012, to which he received no response.  A true and correct copy of the February 10, 2012, administrative appeal is attached hereto as Exhibit "3".

Mr. Edwards filed for a writ of habeas corpus on April 25, 2012, at the California Superior Court, County of Solano.  The petition was denied by the Superior Court in an order dated June 19, 2012, which stated Mr. Edwards failed to his exhaust administrative remedies.  A true and correct copy of the Superior Court order is attached hereto as Exhibit "4".  Mr. Edwards filed for a writ of habeas corpus with the California Court of Appeals, First Appellate District, on July 9, 2012.  The Court of Appeals denied the writ without opinion in an order dated August 29, 2012.  A true and correct copy of the Court of Appeals order is attached hereto as Exhibit "5".  The California Supreme Court denied review on October 31, 2012.  A true and correct copy of the Supreme Court denial is attached hereto as Exhibit "6".

III.    STATEMENT OF FACTS

Mr. Edwards was not present within the State of California and did not enter the homes of those listed in the indictment.  Burglary in the first degree was charged against him based upon the entrance by Michael Keller and William Whelan, also named in Indictment No. 210807, into the homes of California residents with the intent to sell securities.  A true and correct copy of the Indictment is attached hereto as Exhibit "7".  Mr. Edwards was convicted of burglary as the natural and probable result of the conspiracy to violate Cal. Corp. Code § 25401, the unlawful sale of securities.  In an unpublished opinion, the Court of Appeal for the State of California, Sixth Appellate District affirmed the jury instructions that Mr. Edwards could be found criminally liable for first degree burglary on the basis it was the natural and probable consequence of the conspiracy to sell unlawful securities with the two men within California.  A true and correct copy of the unpublished Court of Appeal opinion is attached hereto as Exhibit "8"; See pg 37.

Having found the burglaries to be the natural and probable consequences of the conspiracy to violate Corp. Code § 25401, Mr. Edwards was convicted of six counts of Penal Code § 459/460(a).  Penal Code § 2933.1 states that any person convicted of a felony offense listed in subdivision (c) of Penal Code § 667.5 cannot accrue more than fifteen percent work time credit.  Burglary is an offense listed within Penal Code § 667.5(c)(21) as a violent felony if another person other than an accomplice was in the home.  It is on this basis that the CDCR applied this credit

2

limitation to Mr. Edwards, immediately after conviction.  Mr. Edwards, however, was found not to be a violent offender in a Classification Chrono dated May 27, 2010.  A true and correct copy of the Classification Chrono is attached hereto as Exhibit No. "9".

The credit limitation, while applied immediately after conviction to Mr. Edwards, was not applied to his father, who was convicted under the same indictment and of the same charges.  This prompted a review of both men's files in 2010 by the director CDCR records department, Karen Elliot.  She determined that the credit limitation had been properly applied to Mr. David Edwards, and through error had not been applied to his father.  Mr. Edwards thereafter sought to permanently remove this improperly applied credit limitation from his record and to have his time recalculated.

## IV.   LEGAL ARGUMENT

**A.    The state court decision to deny habeas relief on procedural grounds is not adequate to bar Petitioner from seeking federal habeas relief.**

**i.      Standard for federal review.**

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546 (1991); *La Crosse v. Kernan,* 244 F.3d 702, 704 (9th Cir.2001).  "For the procedural default rule to apply, however, the application of the state procedural rule must provide 'an adequate and independent state law basis' on which the state court can deny relief." *Park v. California,* 202 F.3d 1146, 1151 (9th Cir.2000) (quoting *Coleman,* 501 U.S. at 729-30, 111 S.Ct. 2546).  If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Noltie v. Peterson,* 9 F.3d 802, 804-05 (9th Cir.1993); *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *Park,* 202 F.3d at 1150.

3

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. *Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir.1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(quoting *Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).  Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate to support a state decision, to be considered adequate the discretion must entail "the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." *Wood v. Hall,* 130 F.3d 373, 376-377 (9th Cir.1997)(quoting *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir. 1996).  State rules that are too inconsistently or arbitrarily applied to bar federal review generally fall into two categories: (1) rules that have been selectively applied to bar the claims of certain litigants; and (2) rules that are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claim is unfair. *Id.*  The ultimate burden of proving the adequacy of the state bar is upon the state. *Bennett v. Mueller*, 322 F.3d 573, 585, 586 (9th Cir. 2003).

The Superior Court for the County of Solano issued the last reasoned opinion denying habeas relief to Mr. Edwards, on the basis that Mr. Edwards failed to exhaust his administrative remedies.  See Exhibit 4.  This decision is not adequate to bar federal relief because Mr. Edwards did properly seek administrative relief, and administrative relief was not required in the first instance because of the futility exception and because this issue is a matter of judicial interpretation.

         **ii.**       **The superior court decision is inadequate to bar federal relief because it failed to recognize Mr. Edwards had properly exhausted his administrative remedies.**

Mr. Edwards properly sought administrative relief by filing an appeal pursuant to Title 15 § 3084.7(h)(1)(A), which was in effect in December 2011.  See Exhibit 1.  This appeal was improperly rejected by the appeals coordinator on the basis that Mr. Edwards cannot have attorney representation on an administrative appeal.  See Exhibit 2.  No authority was cited for this

proposition in the rejection letter.  Mr. Edwards then sought further relief from the director level appeals but received no response.  See Exhibit 3.  The doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. *In re Hudson*, 143 Cal.App.4th 1, 49 Cal.Rptr.3d 74 (First Dist. 2006).  It contains its own exceptions, as when the subject matter of the controversy lies outside the administrative agency's jurisdiction, when pursuit of an administrative remedy would result in irreparable harm, when the administrative agency cannot grant an adequate remedy, and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be.  *Id*. at 7; citing *Ogo Associates v. City of Torrance* (1974) 37 Cal.App.3d 830, 834, 112 Cal.Rptr. 761.  When no response is given to an appeal it is deemed exhausted and the fact that the CDCR failed to respond to Mr. Edwards' director level appeal does not signify that he has failed to exhaust, as the regulations do not provide for further action.  *In re Hudson*, 143 Cal.App.4th 1 (First Dist. 2006).  This evidence of administrative exhaustion was attached as exhibits to Mr. Edwards' petition filed with the superior court.  The superior court decision, however, did not refer to Mr. Edwards' evidence of administrative exhaustion, but merely stated he had not provided evidence that he had exhausted or had complied with the procedures for filing an inmate appeal, or that his appeal was improperly rejected.  Exhibit 4 pgs 1, 2.  Therefore, as the superior court decision ignoring Mr. Edwards' evidence of administrative exhaustion has selectively applied the rule solely to bar habeas relief, it is not adequate to bar federal relief under *Wood*.

   **iii.**  **The superior court decision is inadequate to bar federal review because it ignored the futility exception to the requirement for administrative exhaustion.**

   Administrative exhaustion is not required for this issue because it would be futile for Mr. Edwards to continue to attempt to seek any administrative remedy.  *In re Hudson*, 143 Cal.App.4th at 43.  An administrative appeal would be futile because the director for the CDCR records department already reviewed the files for Mr. Edwards and his father in 2010.  This was because the limitation had only been applied to Mr. Edwards and not his father, and therefore a

5

review was conducted and the determination was made that the credit limitation was properly applied to Mr. Edwards. As this issue had been reviewed and a determination made, Mr. Edwards cannot have any obligation to seek further administrative relief. *Sea & Sage Audubon Society, Inc. v. Planning Com.,* 34 Cal.3d 412, 194 Cal.Rptr. 357 (1983). The superior court decision did not consider that the futility exception to the rule of administrative exhaustion applied to Mr. Edwards' claim in its denial of relief, thereby failing to apply the rules consistently as required for its decision to be adequate. The state court decision cited *In re Dexter* for the requirement that Mr. Edwards must administratively exhaust his claim, but the California Supreme Court recognized even in that decision that there is a futility exception to the requirement for administrative exhaustion. *In re Dexter*, 25 Cal.3d 921, 925 (1979). Therefore the decision of the superior court was not based on consistent and adequately applied rules sufficient to bar federal habeas relief, but was selectively applied in order to bar relief for Mr. Edwards.

> iv. **The superior court decision is not adequate to bar federal review because it held administrative exhaustion was required contrary to *In re Mitchell*.**

Mr. Edwards has no requirement to exhaust his claim administratively because it is a matter of statutory interpretation. *In re Mitchell*, 97 Cal.Rptr.2d 41, 81 Cal.App.4th 653 (Cal. App. 2000)(Inmate exhausted administrative remedies even without obtaining third level review because whether conspiracy to commit first degree robbery was subject to the credit limitation was a matter solely of statutory interpretation, a judicial function). The superior court order denying habeas relief did not consider that Mr. Edwards' claim has no requirement to be administratively exhausted in the first instance because it is a matter of statutory interpretation. Therefore, the decision by the superior court is not adequate to bar federal habeas relief as the rule of administrative exhaustion has been selectively applied to deny Mr. Edwards relief, and was not based on firmly established or regularly followed rules.

**B.**     **The credit limitation of Penal Code section 2933.1 has been applied to Mr. Edwards in violation of the Fourteenth Amendment.**

Mr. Edwards has a constitutionally protected liberty interest in having his time calculated properly according to established California law and procedure, which is preserved by the Fourteenth Amendment against arbitrary deprivation by the state.  *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227 (1980); *Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995).

The application of the credit limitation in Cal. Penal Code § 2933.1 is unconstitutional because the California has established that the credit limitation cannot be applied to persons whose conviction of the qualifying offense is based in conspiracy.  *In re Mitchell*, 97 Cal.Rptr.2d 41 (Cal. App. 2000).  Mr. Edwards did not personally enter the homes of those listed within the indictment, and was convicted of burglary only as the natural and probable consequences of the conspiracy to violate Cal. Corp. Code section 25401.  Exhibit 8 pg 37.  Mr. Edwards' conviction of burglary is based upon the conspiracy with two other individuals, Michael Keller and William Whelan, who did enter the homes of those listed in the indictment.  However Mr. Edwards never personally entered the homes of California residents as part of the unlawful sale of securities and was not present within the State of California during the time the burglaries occurred.  The decision of the CDCR and the trial court to apply the credit limitation reserved for violent offenders to Mr. Edwards is in violation of established California law and procedure and Mr. Edwards' constitutional rights.

*In re Mitchell* stated that even should a person be convicted of an offense listed within Penal Code § 667.5, which is otherwise applicable for fifteen percent credit restriction, it cannot not be applied to someone whose conviction was based upon conspiracy.  *In re Mitchell*, 97 Cal.Rptr.2d 41, 44 (Cal. App. 2000).  California Penal Code section 2933.1 is not a sentencing statute, but rather the purpose behind it is to delay the parole of violent felons and is intended to protect the public from dangerous offenders who might otherwise be released on parole on an earlier date.  *People v. Van Buren*, 113 Cal.Rptr.2d 510, 93 Cal.App.4th 875 (App. 2 Dist. 2001), review denied.  Mr. Edwards does not meet the purpose of the statute as he did not personally

7

commit a qualifying violent felony and is not a violent felon.  *In re Mitchell* also states that even though Cal. Penal Code section 182 provides that conspiracy to commit a felony shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony, to read section 182 as requiring the application of the 2933.1 credit restriction is "contrary to the plain language of sections 2933.1 and 667.5 and the express intent of the Legislature." *In re Mitchell*, 97 Cal.Rptr.2d 41, 44 (Cal. App. 2000).

Physical presence is an essential requirement for burglary to be a qualifying violent felony under Penal Code § 667.5(c)(21) as the statute requires another person other than an accomplice to be present at the time of the burglary.  It has been held that the plain meaning of the statute requires the resident to be physically inside the residence and not merely near the residence. *People v. Singleton*, 66 Cal.Rptr.3d 738, 155 Cal.App.4th 1332 (App.2 Dist. 2007)(Evidence that an apartment resident was in the hallway outside the apartment while the defendant committed the burglary within the apartment was not sufficient to find the resident was "present in the residence" for making it a qualifying felony).  Given the stringent requirement that another person besides an accomplice be physically present within the residence during the burglary for the offense to qualify as a violent offense, Mr. Edwards cannot be a violent offender within the meaning of the statute as he was not physically present within the state when the burglary occurred.

The CDCR is aware that the burglaries were not committed by Mr. Edwards personally. The Classification Chrono dated May 27, 2010, states in the Summary of Offense that, "The prisoner was physically never in California or in any residence of this state, for the purpose of Burglary or fraud.  A representative of the prisoner acted as an "agent" for the prisoner's company."  See Exhibit 9.  Based on this information, the committee elected not to affix the Administrative Determinant of Violence per California Code of Regulations, Title 15 section 3375.2(b)(25).  Since Mr. Edwards is not a violent offender within the meaning of sections 2933.1 and 667.5(c), the application of the credit limitation is improper and goes against the legislative purpose of the statute and should therefore be removed from his record.

Petition for Writ of Habeas Corpus

Mr. Edwards is not a violent offender within the meaning of Cal. Penal Code sections 2933.1 and 667.5(c) because he did not personally commit the qualifying felony, therefore the application of the credit limitation is improper and the failure of the state to follow their required procedures violated Mr. Edwards' constitutionally protected liberty interest, and the application of the credit limitation must be reversed.  *Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995).  California law makes clear the proper procedure for applying the credit limitation in Cal. Penal Code section 2933.1 is against persons personally committing the qualifying felony.  Mr. Edwards has a protected liberty interest, preserved by the Fourteenth Amendment, which was violated when the state arbitrarily applied the credit limitation to him.  *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227 (1980); see also *Vitek v. Jones*, 445 U.S. 480, 488-489, 100 S.Ct. 1254 (1980)  Therefore the habeas corpus petition should be granted, and Warden Swarthout ordered to have the credit limitation removed from Mr. Edwards file and recalculate his time accordingly.

## V.        CONCLUSION

The decision to deny Mr. Edwards habeas relief by the superior court for procedural reasons is inadequate to bar federal habeas relief.  The writ should be granted as the state's arbitrary application of the credit limitation to Mr. Edwards violates a liberty interest preserved by the Fourteenth Amendment and Warden Swarthout should be ordered to remove the credit limitation and recalculate Mr. Edwards' time accordingly.

Dated:  July 20, 2013

Respectfully submitted,

JONATHAN D. EDWARDS, ESQ.
Sole Practitioner

/s/*Jonathan D. Edwards*
Jonathan D. Edwards
Attorney for Petitioner