# EXHIBIT 1

(December 9, 2011, Administrative Appeal to Appeals Coordinator for CSP Solano)

December 9, 2011

Jonathan Edwards SBN 269681
4005 Manzanita Avenue
Suite 6-434
Carmichael, California, 95608
(916) 459-4190
Fax: 866 351-3309

Attorney for David Edwards (V68885)
and James Edwards (V68959)

Appeals Coordinator
CSP Solano
2100 Peabody Road
Vacaville, CA 95696

RE: Appeal of Time Calculation for David and James Edwards

To whom it may concern:

    I am filing this administrative appeal with you on behalf of both Mr. David Edwards, V68885, and Mr. James Edwards, V68959 to be forwarded to the records department for a file review, pursuant to California Code of Regulations Title 15 Division 3 § 3084.7(h)(1)(A). The California Department of Corrections has incorrectly applied the fifteen percent credit restriction in California Penal Code section 2933.1 to both David and James Edwards and they seek to have this removed from their record and have their time recalculated accordingly.

    Both David and James Edwards are currently incarcerated in California State Prison Solano in Vacaville because of a conviction in Santa Clara Superior Court, case number 210807, with sentencing dated February 17, 2005. They were convicted of violating the California Corporations Code section 25401 for unlawful sale of securities, conspiracy, burglary,

aggravated white collar crime, and excessive takings. Neither David Edwards nor James Edwards have prior convictions.

It is based upon the burglary conviction that both David and James Edwards have had this credit limitation applied to them, but this application is incorrect because neither David nor James Edwards entered the homes of those listed within the indictment. *In re Mitchell*, 97 Cal.Rptr.2d 41, 81 Cal.App.4th 653 (Cal. App., 2000). The burglary conviction is based upon the conviction of conspiracy with two other individuals, Michael Keller and William Whelan who did in fact enter the homes of those listed in the indictment. Neither David nor James Edwards entered the homes and were in fact not within the State of California during the time the burglaries occurred.

The purpose behind the credit restriction statute is to reduce time credits for those who commit one of an enumerated list of violent felonies. In this case, both David and James Edwards were convicted of burglary based upon the entrance by William Whelan and Michael Keller into the homes of persons they sought to sell securities to. David and James Edwards were not within the state of California and did not enter the homes of the persons listed within the indictment.

This institution is already aware that the burglaries were not committed by either Mr. Edwards personally, as the Classification Chrono enclosed for David Edwards states in the Summary of Offense, "The prisoner was physically never in California or in any residence of this state, for the purpose of Burglary or fraud. A representative of the prisoner acted as an "agent" for the prisoner's company." Based on this information, the committee elected not to affix the Administrative Determinant of Violence per California Code of Regulations, Title 15 § 3375.2(b)(25).

Therefore, as neither David nor James Edwards were within the state of California, and as this institution is already aware of this, the credit restriction of Cal. Penal Code section 2933.1 must be removed from both Mr. Edwards' records and their time must be recalculated accordingly.

Enclosure: Classification Chrono for David Edwards

Respectfully submitted,

*[signature]*

Jonathan Edwards
Attorney for David Edwards (V68885)
and James Edwards (V68959)

| State of California | CDC 128-G (01/81) | CLASSIFICATION CHRONO | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|
| CDC Number: V68885 | Name: EDWARDS, DAVID, E | Classification Score: 22 | Type and Release Date: EPRD 03/12/26 15% |
| Housing: 12-141U | Assignment: MKP-3.252 AM Pot Crew | WG/PG: A1A 03/31/07 | Next Classification: 02/11 |
| Custody: MED A | Action: Program Review UCC notes CSR concerns dated 3/11/10. UCC elects to Reduce Custody to Medium A 5/27/10. UCC elects not to impose VIO admin deter based on instant offenses. Based on level II points, Refer to the CSR RX non-adverse TX to SOL-II/SQ-II. Retain Medium A Custody, WG/PG A1A upon TX. | | |
| RGPL: UNK | | | |

Edwards, appeared before CSP-Solano Facility II UCC for the purpose of an Program Review. Complied with CCR 3375(f)(1). CDC 127, 812, 840, and Confidential file have been reviewed and updated, as appropriate.

Committee notes: This case was deferred by the CSR for the following: the prisoner needed a case by case for the instant offense. The CSR further noted that the prisoner would be eligible for removal from Close custody to MED A custody on 04/28/10, five years of Close custody completion.

UCC notes commitment offense of PC 459/460 (a) - under special circumstances Burglary 1st, "wherein it is charged and proved that another person, other than the accomplice, was present in the residence during the commission of the Burglary, therefore this case requires a case-by-case Violence review.

6 Elements of VIO review
Summary of Offense: The prisoner was an associate in several fraud Ponzi schemes in the State of Washington in 1996 until the prisoner was arrested. The prisoner, his father and at least two other accomplices were allegedly involved in several Ponzi schemes based, as the prisoner and his father where, out of the State of Washington. The circumstances of this case are complex and convoluted; the losses to the victims are insurmountable. It was alleged that the prisoner took advantage of these victims through deception, by defrauding the victims of all of their material wealth. The prisoner was convicted by a jury of PC 459/460 (a); six counts refer to page one of the POR, counts 4, 6, 14, 20, 22, 26 - under special circumstances Burglary 1st, for counts 6 and 26 "wherein it is charged and proved that another person, other than the accomplice, was present in the residence during the commission of the Burglary." The prisoner was physically never in California or in any residence of this state; for the purpose of Burglary or fraud. A representative of the prisoner acted as an "agent" for the prisoner's company.
Extent of Injuries: According the POR page eleven noted that one of the victims, of the many, "died worrying over the financial burden of having to pay a $240,000.00 mortgage" the prisoner was not charged for any death or any physical harm to any of the victims. Inasmuch, the injuries were noted as emotional, psychological and financial.
Rationale for Committing the Offense: The rationale for the crimes appears to be greed, as the victims were billed out of tens of thousands of dollars.
Criminal Intent: This incident constitutes criminal neglect not intent; in that some of the victims' losses were returned.
History: The prisoner has no prior felony of violent offenses.
Safety of public - Taking into consideration all case factors; committee believes that the prisoner would not be a risk if he were to be placed in a minimum custody setting. Therefore, UCC elects to not to affix the Administrative Determinant of Violence per CRR, Title 15, Sections 3375.2 (b) (25).

CLOSE CUSTODY REVIEW: Sentence to a total term of 15 years or more, but less than 50. Per CCR 3377.2 (c) (3) (D), after the first year of Close A custody, Close B custody for four years. CLO A was established on 04/28/05, and Close B was established on 09/24/09, therefore inmate is eligible for custody reduction at this time.

CSRA: 1, LOW        BPH: N/A        CLOSE CUSTODY: Reduced to Med A 5/27/10

TB Code is 32 per CDC 128C dated 05/05/09. Case Factors remain the same as noted in CDC 128G dated 04/28/05, unless noted above. MHSDS/Psychiatric concerns: the prisoner is not a participant in the MHSDS.

Subject was advised of his right to appeal. There are no further classification concerns at this time and his next scheduled classification is for his annual review 02/11.

Committee acts to: Reduce custody to Medium A. Based on level II points and Medium custody, Refer to the CSR RX non-adverse TX to SOL-II/SQ-II. Retain Medium A custody, WG/PG A1A upon TX. UCC notes CSR concerns dated 3/11/10. Based on case-by-case VIO review for instant offenses, no VIO.

Subject agreed with committee action and made the following statement: "I just want to stay here pending litigation and to remain with my father. I would like for my father to be taken to committee and endorsed to SOL-II." Edwards Sr. recently suffered a stroke and Edwards Jr. feels that he is the only one who would look after him. It is his request that they be transferred together.

EFFECTIVE COMMUNICATION:
Verification of Limitation/Special Needs and or Disability: The prisoner does not have a limitation/special needs, and or a disability that might affect his ability to establish EC (Effective Communication), primary source documentation; DECS, TABE the mere absence of a TABE score does not indicate that the prisoner in this case has a barrier, his central file reflects that he graduated from a university and the sophistication or degree of the crimes would indicate a high level of intellect, no Learning Disability (LD) list, nor any MHSDS list. Classification staff has reviewed these information sources and concluded that the prisoner has; no barriers to EC, no EC issues.

Establishing Effective Communication: Classification has identified no potential barrier to EC.

1 Edwards V68885

**Verification of EC:** Classification used the following methods to establish EC: "The prisoner conveyed his understanding using his own words to the satisfaction of the Committee/Writer." Classification has taken the following measures to verify that EC was successful.

**ADDITIONAL COMMITTEE MEMBERS:** (A)CCI Valencia, CCI Baker, CCI-II Silva

_____
Lee
FACILITY CAPTAIN
CHAIRPERSON (A)

_____
F Mata
CCI

| Institution: | Classification: | Date: |
|---|---|---|
| CSP-Solano | UCC | 5/27/10 |

cc: C-FILE
    INMATE

2 Edwards V68885