UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. 2:13-cv-1651-WBS-EFB P<br><br>ORDER GRANTING IFP AND FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS THE PETITION |

Petitioner, a state prisoner proceeding though counsel, has filed a petition for a writ of habeas corpus.[1] *See* 28 U.S.C. § 2254. Petitioner's sole claim for relief is that the California Department of Corrections and Rehabilitation (CDCR) has unconstitutionally applied the credit limitation of California Penal Code § 2933.1 to his sentence in violation of his Fourteenth Amendment right to due process. *See* Petition, ECF No. 1. The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

/////

---

[1] Petitioner seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.

1

The question of whether CDCR has or has not properly limited petitioner's accrual of work credits is not cognizable as a claim for federal habeas relief, as it is not the role of the federal habeas court to clarify or correct the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law") (internal quotations omitted); s*ee also Craft v. Gower*, No. 2:12-cv-2827-DAD, 2013 U.S. Dist. LEXIS 134333, at *7-8 (E.D. Cal. Sept. 18, 2013) (summarily dismissing petitioner's claim that that CDCR had erroneously applied § 2933.1 to his case); *Cochran v. Diaz*, No. 1:13-cv-00551-AWI-GSA, 2013 U.S. Dist. LEXIS 109156, at *3-4 (E.D. Cal. Aug. 2, 2013) ("Petitioner states that the CDCR has determined that he cannot earn good time credits against his sentence pursuant to Cal. Penal Code § 2933, because Petitioner committed crimes which do not allow for the earning of such credits . . . . The essence of Petitioner's claim concerns the interpretation and application of state statute, and generally, issues of state law are not cognizable on federal habeas.").

Furthermore, petitioner does not have a protected liberty interest in earning worktime credits to reduce his sentence. *See* California Penal Code § 2933(c) ("Credit is a privilege, not a right."); *Kalka v. Vasquez*, 867 F.2d 546, 547 (9th Cir. 1989) ("[S]ection 2933 does not create a constitutionally protected liberty interest."). Therefore, despite petitioner's framing of his claim as a violation of his right to due process under the Fourteenth Amendment, it is subject to summary dismissal. *See Craft*, 2013 U.S. Dist. LEXIS 134333 at *8-9

Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further, it is hereby RECOMMENDED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE