Jonathan D. Edwards, Esq. SBN 269681
JONATHAN D. EDWARDS, ESQ.
Sole Practitioner
jonathan.edwards.law@gmail.com
4096 Piedmont Avenue No. 205
Oakland, CA 94611-5221
Telephone (510) 891-1767

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| DAVID EDWARDS, | ) Case No.: 2:13-cv-1651-WBS-EFB P |
| Petitioner, | ) |
| | ) **OBJECTIONS TO MAGISTRATE** |
| vs. | ) **JUDGE'S FINDINGS AND** |
| | ) **RECOMMENDATIONS** |
| GARY SWARTHOUT, Warden, | ) |
| Respondent. | ) |

Petitioner DAVID EDWARDS hereby submits his objections to the magistrate judge's

findings and recommendation that this action should be summarily dismissed.

## I.    INTRODUCTION

Petitioner, DAVID EDWARDS, filed for the relief of this Court because the credit

limitation in Cal. Penal Code § 2933.1 has been unconstitutionally applied to him, limiting his

credit accrual to fifteen percent in violation of the Fourteenth Amendment.   This Court has

jurisdiction under 28 U.S.C. § 2254 to grant habeas relief and order this limitation removed and

Mr. Edwards' time recalculated accordingly.  In the order filed November 7, 2013, the magistrate

judge stated that Petitioner does not have a federally protected liberty interest in the accrual of worktime credits. Accordingly, the magistrate judge found that the limitation of Petitioner's accrual of work credits is a matter of state law and not cognizable as a claim for federal habeas relief. The magistrate judge therefore recommends the petition be summarily dismissed.

## II.    ARGUMENT

**A.    Petitioner does have a liberty interest in the proper application of the state statutory limitation of credit accrual towards early release protected by the Fourteenth Amendment from arbitrary deprivation by the State of California.**

Petitioner has a constitutionally protected liberty interest in having his time calculated properly according to established California law and procedure, which is preserved by the Fourteenth Amendment against arbitrary deprivation by the State of California. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227 (1980); *Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995).

The Supreme Court has recognized that a state created right to good time credits creates a federally protected liberty interest against their deprivation without certain procedural protections required to satisfy due process. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963 (1974). The revocation of good time does not comport with "the minimum requirements of procedural due process," unless the findings of the prison disciplinary board are supported by at least some evidence in the record. *Superintendant v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)(quoting *Wolff*, 418 U.S. at 558, 94 S.Ct., at 2976 (1974)). "Where a prisoner has a liberty interest in good time credits, the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment, thus the inmate has a strong interest in assuring that the loss of good time credits is not imposed arbitrarily". *Hill,* 472 U.S. at 455, 105 S.Ct. 2768 (1985). The requirements of due process are satisfied if "some evidence" supports the decision by the prison

disciplinary board to revoke good time credits.  *Id*.  Therefore, before a prisoner can be deprived

of good time credits, the state must provide: "(1) advance written notice of the disciplinary

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call

witnesses and present documentary evidence in his defense; and (3) a written statement by the

factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454.  The

Supreme Court stated that the due process clause itself does not create a liberty interest in credit

for good behavior, but that the state statutory provision created a liberty interest in a "shortened

prison sentence" which resulted from good time credits, which were revocable only if a prisoner

was guilty of serious misconduct.  *Sandin v. Conner*, 515 U.S. 472, 477-478, 115 S.Ct. 2293

(1995).

In California, good time credits, which accrue towards early release, are also recognized to

have a federally protected liberty interest.  *In re Rothwell* 164 Cal.App.4th 160, 165, 78

Cal.Rptr.3d 723 (4th Dist. 2008). In *Rothwell*, the California Court of Appeals held that while a

prisoner has no constitutional right to good time credits,:

> where as here, the State has created the right to good time credits and itself recognizes that
> its deprivation is a sanction authorized for major misconduct, a prisoner's interest in
> retaining good conduct credits has real substance and is sufficiently embraced within
> Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate
> under the circumstances and required by the Due Process Clause to insure that the state-
> created right is not arbitrarily abrogated." *Id*. at 165 (quoting *Wolff*, 418 U.S. at 557
> (1974)(internal quotations omitted).

Therefore, Petitioner does have a federally protected liberty interest in accruing credits

towards early release at fifty percent instead of the limited maximum of fifteen percent, which is

protected by the Fourteenth Amendment due process clause from arbitrary state deprivation.  The

State of California cannot deprive Petitioner of credits through administrative disciplinary

proceedings without following the requirements of due process; therefore neither can California

3

State limit Petitioner's credit accrual without following the strictures established for its application. Petitioner has a state created right to the credits towards his release that is federally protected against arbitrary deprivation by the state.

The Supreme Court has also held that state laws guaranteeing a defendant procedural rights at sentencing may create liberty interests protected against arbitrary deprivation by the due process clause of the Fourteenth Amendment. *Hicks*, 447 U.S. at 347, 100 S.Ct. 2227 (1980). In *Hicks* the Supreme Court held that although it was argued that all that was involved in that case was the denial of a procedural right of exclusively state concern, "where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law." *Id*. at 346. The Supreme Court held that, "the defendant in such case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State. *Id.* at 346 (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100 (1979); *Vitek v. Jones*, 445 U.S. 480, 488-489, 100 S.Ct. 1254, 1261 (1980)).

The Ninth Circuit Court has held that a state courts failure to abide by its procedures violated the defendant's due process rights. *Walker,* 50 F.3d at 672 (9th Cir. 1995)(citing *Hicks,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229 (1980); *Campbell v. Blodgett,* 997 F.2d 512, 522 (9th Cir.1992), *cert. denied,* 510 U.S. 1215, 114 S.Ct. 1337 (1994)). In *Walker*, the state court determined the defendant to be a habitual criminal under the Nevada statute based upon his three prior convictions, but failed to weigh the appropriate factors and make an actual judgment on the question of whether it would be just and proper for the defendant to be punished and segregated as

a habitual criminal as required by Nevada law. *Id*. at 672-673. The Ninth Circuit held that

Nevada's law requiring a court to review and make particularized findings that it is "just and

proper" for a defendant to be adjudged a habitual offender created a constitutionally protected

liberty interest in that sentencing procedure, and because the state court failed to follow that

procedure the defendant's due process rights were violated. *Id*. at 673.

Following the Supreme Court decision in *Hicks,* the Ninth Circuit has also found that the

state law requiring that the Washington Supreme Court "review and make particular findings

before affirming a death sentence" created a constitutionally protected liberty interest. *Campbell,*

997 F.2d at 522 (9th Cir.1992). Therefore when a state has provided a specific method for

determining whether a certain sentence shall be imposed, 'it is not correct to say that the

defendant's interest' in having that method adhered to is merely a matter of state procedural law."

*Fetterly v. Paskett,* 997 F.2d 1295, 1300 (9th Cir. 1993), *cert. denied,* 513 U.S. 914, 115 S.Ct. 290

(1994)(citing *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227 (1980)). Petitioner likewise has a

federally protected liberty interest in having the state required standard for the application of the

maximum fifteen percent credit accrual limitation be followed and not arbitrarily applied to him.

The order by the magistrate judge, however, recommends summary dismissal stating that

Petitioner does not have a protected liberty interest in earning worktime credits, citing to *Kalka v.*

*Vasquez*, 867 F.2d 546, 547 (9th Cir. 1989) as the controlling authority; the other authorities cited

being decisions by the district court. The magistrate judge's findings and recommendations does

not, however, reference the authority cited by Petitioner, or distinguish the protected liberty

interest in *Hicks* and *Walker* from the interest Petitioner is seeking to protect. In addition, *Kalka* is

distinguishable from Petitioner's claim because that case did not involve the application of a credit

accrual restriction, but merely the ability to qualify for worktime credits through access to

Objections to Magistrate Judge's Findings and Recommendations

participation in a qualifying program. In *Kalka*, a prisoner had challenged the statutory scheme

created by Penal Code section 2933 for providing worktime credits to prisoners for performance in

a credit qualifying program. *Id.* at 546. It was claimed the statute violated the equal protection

clause because it provided a lesser worktime credit for inmates willing to participate but who were

not yet assigned work. The court found that the statute, whose purpose was to provide

rehabilitative benefits of actual work performance to better prepare prisoners for reintegration into

society, did not create a constitutionally protected liberty interest. *Id.* at 547. Petitioner's claim,

however, is distinguishable from that in *Kalka*, because California Penal Code section 2933.1,

unlike section 2933, ascribes a credit accrual limitation for persons "convicted of a felony offense

listed in subdivision (c) of Section 667.5" to no more than fifteen percent. Cal. Penal Code §

2933.1(a). In the instant case, unlike in *Kalka*, Petitioner's liberty is being restricted based upon

the state's application of this credit accrual limitation to him in contradiction to their established

policies and procedures.

California created a federally protected liberty interest in the application the credit accrual

limitation provided by Penal Code section 2933.1, by establishing credit accrual at fifty percent

unless certain policies and procedures allow the maximum fifteen percent accrual limitation to be

applied. See Cal. Penal Code §§ 2933, 2933.1, 2933.2, 2933.5   The policies and procedures

require that in order for the credit accrual limitation to attach the defendant who otherwise is

eligible to receive fifty percent good time credits, must be a violent offender. Penal Code section

2933.1 defines a violent offender as a defendant convicted of personally committing a qualifying

felony as listed in subdivision (c) of Penal Code section 667.5. *In re Mitchell*, 97 Cal.Rptr.2d 41

(Cal. App. 2000)(the credit accrual limitation in Penal Code section 2933.1 cannot be applied to

persons whose conviction of the qualifying offense is based in conspiracy). Petitioner did not

Objections to Magistrate Judge's Findings and Recommendations

personally commit burglary, which is listed as a qualifying felony under section 667.5, and therefore California's arbitrary application violates his liberty interest protected by the due process clause of the Fourteenth Amendment.

The California Supreme Court has found that the legislature wished to protect the public by delaying the release of prisoners convicted of violent offenses through the statute. *In re Reeves*, 35 Cal.4th 765, 771 (2005). That court rejected an argument that the statute was meant to impose a disqualification from ever receiving more than fifteen percent good time credit for a defendant once convicted of a violent felony. *Id*. at 771-772. The court then rejected the argument that the credit restriction should be imposed on all sentences served concurrently when one is based upon a violent felony, instead holding that once the sentence is served for the violent offense, the restriction can no longer be applied. *Id*. at 772-773, 777. The statute was therefore held to have "no application to a prisoner who is not actually serving a sentence for a violent offense; such a prisoner may earn credit at a rate unaffected by that statute". *Id*. at 780.

Therefore the application of the credit limitation to Petitioner violates his due process rights protected by the Fourteenth Amendment because the state arbitrarily applied it to him, ignoring the established procedure which dictates that Petitioner must have personally committed a qualifying felony in order for the credit accrual limitation to be applied. Petitioner did not personally enter the homes of those listed within the indictment, and was convicted of burglary only as the natural and probable consequences of the conspiracy to violate Corporations Code section 25401. As such he is not serving a sentence for a violent offense as required by Penal Code section 2933.1, which the state recognized in Petitioner's Chrono, attached to the petition as Exhibit "9", stating Petitioner is not a violent offender. Therefore Petitioner does have a federally protected liberty interest in having the state apply the credit accrual limitation according to their

Objections to Magistrate Judge's Findings and Recommendations

required policies and procedures.  As Petitioner is not serving a sentence for a violent offense the

application of the limitation is in direct contradiction to the standard as stated by the California

courts in *Mitchell* and *Reeves* and therefore the petition should be granted and not summarily

dismissed.

  **B.**  **A certificate of appealability should issue should this Court deny Petitioner**

    **relief.**

  A certificate of appealability determination under 28 U.S.C. section 2253(c) requires an

overview of the claims in the habeas petition and a general assessment of their merits.  The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *Miller-El v. Cockrell*, 537 U.S. 322, 388, 123 S.Ct.

1029 (2003).  The threshold inquiry does not require full consideration of the factual or legal bases

adduced in support of the claims, and such detailed scrutiny of the merits is forbidden.  *Id*. at 336,

337.  The appellant need not show that the appeal would succeed, and the court may not deny a

certificate of appealability merely because it believes the appellant will not demonstrate an

entitlement to relief on appeal.  *Id*.

  In this case, a decision that Petitioner has no federally protected interest in his good time

credits towards early release is wrong, or at least debatable following the Supreme Court and

Ninth Circuit Court precedents holding that the state establishment of a procedure for sentencing

in itself creates a federally protected liberty interest in having that procedure followed, and the

California precedent providing that Petitioner has a federally protected liberty interest in his

credits.  *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227 (1980); *Walker v. Deeds*, 50 F.3d 670

(9th Cir. 1995); *Superintendant v. Hill*, 472 U.S. 445, 105 S.Ct. 2768 (1985); *In re Mitchell*, 97

Cal.Rptr.2d 41 (Cal. App. 2000); *In re Reeves*, 35 Cal.4th 765, 771 (2005); *In re Rothwell* 164

Objections to Magistrate Judge's Findings and Recommendations

Cal.App.4th 160, 78 Cal.Rptr.3d 723 (4th Dist. 2008). As the procedure for the application of the credit accrual limitation in Penal Code section 2933.1 was not followed and the limitation was applied to Petitioner in conflict with the established procedure requiring a defendant be a violent offender having personally committed an offense listed in Penal Code section 677.5, the decision to summarily dismiss the petition is wrong, or at least debatable among reasonable jurists. Therefore a certificate of appealability should issue as to Petitioner's claim should the Court agree with the magistrate judge's findings and recommendations.

## III.    CONCLUSION

The magistrate judge's findings and recommendations that the petition be summarily dismissed should not be followed because Petitioner does have a federally protected liberty interest in the accrual of his credits towards an early release, of which he was suffered an arbitrary deprivation by the State of California in violation of his Fourteenth Amendment due process rights.

Dated: November 20, 2013

Respectfully submitted,

JONATHAN D. EDWARDS, ESQ.
Sole Practitioner

/s/*Jonathan D. Edwards*
Jonathan D. Edwards
Attorney for Petitioner

Objections to Magistrate Judge's Findings and Recommendations