UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. 2:13-cv-1651-WBS-EFB P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 7, 2013, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

Petitioner's sole claim for relief is that the California Department of Corrections and Rehabilitation (CDCR) has unconstitutionally applied the credit limitation of California Penal Code § 2933.1 to his sentence in violation of his Fourteenth Amendment right to due process. The magistrate judge recommended that the petition be summarily dismissed, "despite petitioner's framing of his claim as a violation of his right to due process under the Fourteenth Amendment." ECF No. 7. In his objections, petitioner cites to Wolff v. McDonnell, 418 U.S. 539 (1974), Superintendant v. Hill, 472 U.S. 445 (1985), and other cases for the proposition that petitioner has a "liberty interest in the proper application of the state statutory limitation of credit accrual towards early release." ECF No. 8 at 2. However, these cases involved the restoration of good-time credits that had been earned and then revoked. Here, petitioner did not sustain any revocation of credits; rather, his ability to accrue them is limited. "Because California has not created a liberty interest in earning conduct credits, the state's purported denial of petitioner's 'right' to serve less than eighty percent of his sentence through an accrual of conduct credits cannot be construed as a deprivation of due process." Poutre v. Lea, No. EDCV 08-421-GW, 2011 U.S. Dist. LEXIS 154748, at *19-20 (C.D. Cal. Sept. 19, 2011), adopted by 2012 U.S. Dist. LEXIS 53134 (Apr. 13, 2012); see also Kirch v. Clay, 2007 U.S. Dist. LEXIS 94488, 5-6 (E.D. Cal. Dec. 26, 2007) ("petitioner has no liberty interest in credits earned through California Penal Code § 2933.1"). Thus, the petition is subject to summary dismissal because federal due process is not violated when there is no liberty interest to protect. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Brodheim v. Rowland, 993 F.2d 716, 717 (1993) (same).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 7, 2013, are adopted in full;

2. This action is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254; and

3. The court will issue a certificate of appealability on the question of whether petitioner had a liberty interest in the accrual of good time credits earned through California Penal Code § 2933.1.

Dated: December 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE