FILED

DEC 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID E. EDWARDS, <br><br> Petitioner - Appellant, <br><br> v. <br><br> GARY SWARTHOUT, Warden, <br><br> Respondent - Appellee. | No. 14-15133 <br><br> DC No. 2:13 CV-01651 WBS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco, California

Before:  TASHIMA and PAEZ, Circuit Judges, and BLOCK, Senior District Judge.[**]

David Edwards filed a petition for writ of habeas corpus in which he contended that the California Department of Corrections and Rehabilitation ("CDCR") incorrectly applied the credit limitation of California Penal Code §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2933.1[1] to his sentence, in violation of his Fourteenth Amendment right to due process.  The district court summarily dismissed Edwards' claim under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), concluding that, because California had not created a liberty interest in earning credits under § 2933, the CDCR's denial of the ability to earn credits was not a deprivation of due process.  In the same order, the district court granted a certificate of appealability ("COA") on the question of whether Edwards had a liberty interest in the accrual of good time credits earned through § 2933.  Because, as we briefly explain below, this was not an appropriate case for summary dismissal under Rule 4, we vacate the district court's order of dismissal and remand for further proceedings.

Section 2933 was enacted in 1982, and provided that prisoners would earn "work-time" credits for working in a credit-qualifying program while in prison.  Specifically, § 2933(a) provided that "[f]or every six months of full-time performance in a credit qualifying program, as designated by the director, a prisoner shall be awarded worktime credit reductions from his or her term of confinement of six months."  The statute also provided that "[w]orktime credit is a

---

[1]    All subsequent statutory references and citations, unless otherwise noted, are to the California Penal Code.

privilege, not a right," and that "every prisoner shall have a reasonable opportunity to participate in a full-time credit qualifying assignment in a manner consistent with institutional security and available resources." § 2933(b) (1982). In *Touissant v. McCarthy*, we analyzed this language and held that § 2933 did not create a liberty interest in sentence-reducing worktime credits; therefore, it could not serve as the basis of a due process claim. 801 F.2d 1080, 1094-96 (9th Cir. 1986), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 485-87 (1995).

In 2010, however, the California legislature amended § 2933. The amended version of § 2933 bears the same title as the earlier version, "Worktime credits on sentences; amount; forfeiture; restoration; review." However, rather than earn credits based on discretionary placement in work programs, as occurred under the older version of § 2933, under the amended provision, prisoners appear automatically to receive "good time" credits based on time served in prison. Notably, subsection (c) still provides that "[c]redit is a privilege, not a right" and that "every eligible prisoner shall have a reasonable opportunity to participate." § 2933(c). The continuing significance of these provisions and the discretion retained by prison officials is unclear, however, because prisoners no longer need to "participate" in anything to earn credits under § 2933. We have not yet had occasion to decide whether § 2933, *as amended*, creates a liberty interest.

Habeas Rule 4 authorizes the district court to dismiss a habeas petition without requiring a response from the respondent "if it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Because the amended version of § 2933 has yet to be judicially construed in any reported case, it is not "plainly" apparent that § 2933 does not create a liberty interest.[2] And because the amended version of § 2933 was before the district court, the court erred when it summarily dismissed Edwards' habeas petition without requiring a response from the respondent.

Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings.

Costs awarded to appellant.

**VACATED and REMANDED.**

---

[2] The district court appears to have recognized as much in granting a COA on this issue. A COA should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It would be difficult simultaneously to satisfy the standard for obtaining a COA and fail to meet the standard to overcome dismissal under Habeas Rule 4.