1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  JENNIFER A. NEILL, State Bar No. 184697
   Senior Assistant Attorney General
3  YUN HWA HARPER, State Bar No. 235086
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 322-6108
6    Fax: (916) 322-8288
     E-mail: YunHwa.Harper@doj.ca.gov
7  *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DAVID E. EDWARDS,** | 2:13-cv-01651-WBS-EFB |
| Petitioner, | **NOT. OF MOT.; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **GARY SWARTHOUT, Warden,** | Hrg Date: June 3, 2015<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: The Hon. Edmund Brennan<br>Action Filed: February 19, 2015 |
| Respondent. | |

**TO PETITIONER DAVID EDWARDS AND PETITIONER'S COUNSEL JONATHAN EDWARDS:**

**PLEASE TAKE NOTICE** that on June 3, 2015, at 10:00 a.m. in Courtroom 8, located at 501 I Street, on the 13th Floor in Sacramento, California, 95814, Respondent will move for dismissal of this action under 28 U.S.C. § 2254, Rule 4, on the ground that Petitioner's Petition is untimely, unexhausted, and procedurally defaulted.

This Motion is based on the Notice and Motion, the supporting Memorandum of Points and Authorities, the records and files in this action, and other matters as may properly come before the Court.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

David Edwards contends that his federal due process rights were violated when the California Department of Corrections and Rehabilitation improperly applied the credit limitation specified in Penal Code section 2933.1. This Petition was previously dismissed as a non-cognizable state law claim, but is now proceeding before this Court on remand from the Ninth Circuit. The Court issued an order for a response. In 2005, after Edwards conviction, the credit limitation was applied to him. This Petition filed on August 9, 2013, is untimely. Moreover, the state courts denied Edward's petition on state procedural grounds. As such, the claim raised herein is unexhausted and procedurally defaulted. The Petition should be dismissed.

## STANDARDS FOR MOTIONS TO DISMISS

A federal district court may dismiss a habeas corpus petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). The applicable rules allow the filing of a motion to dismiss to avoid "the necessity of filing an answer on the substantive merits of the petition." Rules Governing § 2254 Cases, Rule 4 advisory committee's notes; *Lonchar v. Thomas*, 517 U.S. 314, 325-26 (1996); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).

The Ninth Circuit permits a respondent to file a motion to dismiss instead of an answer if the motion attacks the pleadings for failing to exhaust state judicial remedies or being in violation of the state's procedural rules. *White*, 874 F.2d at 602-03 (meritorious motions to dismiss are permitted by Rule 4, including motions to dismiss for procedural default); *Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can move to dismiss after a court orders a response, and the court should use Rule 4 standards to review the motion. *See Hillery*, 533 F. Supp. at 1194 & n.12.

///

///

**SUMMARY OF THE FACTS AND PROCEDURAL HISTORY**

David Edwards was convicted in Santa Clara Superior Court on February 17, 2005. (Clerk's Docket (CD) 18, Pet. at 5.) In 2005, the California Department of Corrections and Rehabilitation applied the credit limitation specified in California Penal Code section 2933.1 to Edwards' sentence. (CD 18 at 5.) On December 9, 2011, Edwards' counsel wrote a letter to the Appeals Coordinator at California State Prison-Solano regarding David Edwards and James Edwards. (Ex. A at Ex. 1, Letter to Counsel.) The letter was rejected from the inmate appeal process for failing to comply with California Code of Regulations. (Ex. A at Ex. 2, Jan. 3, 2012 Letter.) Rather then complying with the directions in the rejection, Edwards' counsel drafted a letter to the Inmate Appeals Branch contesting the credit limitation. (Ex. A at Ex. 3, Feb. 10, 2011[1] Letter.) There is no evidence in the state court record that the Third Level, the final level of administrative review, accepted a properly filed appeal from Edwards and considered the merits of Edward's administrative appeal. (See Exs. A, Ex. 1; Ex. C, App. Ct. Pet. Ex. 1-4.)

On April 25, 2012, Edwards filed a petition for writ of habeas corpus in Solano County Superior Court, asserting that the credit limitation specified in California Penal Code section 2933.1 was incorrectly applied to him. (Ex. A, Pet., Case No. FRC292678.) The petition was denied because Edwards failed to provide any evidence that his administrative remedies were exhausted, as administrative remedies are not deemed exhausted until an inmate completes the administrative review process provided by CDCR. (Ex. B, Order Den. Pet. at 1.) The superior court relied on *In re Dexter*, 25 Cal. 3d 921, 925 (1979) and *Wright v. State of Cal.*, 122 Cal. App. 4th 659, 667 (2004). (Ex. B at 1.) The superior court found there was no evidence provided that Edwards complied with the Department's regulations or that his administrative appeal was improperly rejected. (Ex. B at 2.) Edwards filed a petition for writ of habeas corpus in the California Court of Appeal. (Ex. C, App. Ct. Pet., Case No. A135919.) The habeas petition was summarily denied. (Ex. D, Order Den. Pet., Case No. A35919.)

---

[1] The letter is dated February 10, 2011 but it appears to be typo and was likely written in 2012.

1   Edwards filed a petition for review in the California Supreme Court.  (Ex. E, Pet. for
2   Review, Case No. S205290.)  In the Petition, Edwards alleged that review should be granted on
3   the issue of whether CDCR could properly apply the credit limitation specified in California
4   Penal Code section 2933.1 to him.  (Ex. E. at 4.)  As authority, Edwards relied on California law
5   and California statutes.  (Ex. E at 4, 7-10.)  Edwards did not raise a federal due process claim, nor
6   did Edwards argued that there was liberty interest that entitled him to federal due process
7   protections.  (Ex. E at 4, 7-10.)  The petition for review was summarily denied.  (Ex. F, Order
8   Den. Pet., Case No. S205290.)  On August 9, 2013, Edwards filed a federal petition for writ of
9   habeas corpus.  (CD 1, Pet.)

**ARGUMENT**

**I.   EDWARD'S PETITION IS UNTIMELY.**

The Antiterrorism Effective Death Penalty Act provides a one-year statute of limitations period for state inmates filing federal habeas petitions.  28 U.S.C. § 2244(d)(1).  Where the petition disputes an administrative decision, the limitations period begins to run when "the factual predicate of the claim . . . could have been discovered through due diligence."  *Id*. at § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077, 1081 (9th Cir. 2003).

Here, Edwards asserts that after his February 17, 2005 conviction, CDCR improperly applied the credit limitations specified in California Penal Code section 2933.1.  (CD 18 at 5.)  While the statute of limitations may not begin to run while an inmate exhaust his administrative remedies, Edwards failed to complete the administrative appeal process outlined in California Code of Regulations, title 15, section 3084 et seq.  *See Redd*, 343 F.3d at 1082 (limitations period begins the run the day after the denial of administrative appeal).  There is no evidence that the third level accepted an appeal from Edwards and considered the merits of that administrative appeal.  Cal. Code Regs, tit. 15, § 3084.7, subd. (d)(3) (the third level review exhausts an inmate's administrative remedies).  (See Ex. A, Ex. 1; Ex. C, Ex. 1-4.)  Thus, there is no basis to delay the running of the limitations period.  Further, there is no basis for statutory tolling because the limitations period expired before Edwards filed a petition for habeas corpus in Solano County Superior Court.  *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (finding section

2244(d) does not permit the reinitiation of the limitations period, when the limitations period has expired prior to the filing of a state habeas petition). Given that Edwards was aware of the credit limitation being applied to him in 2005, this Petition filed on August 9, 2013, more than eight years after the credit limitation was applied to Edwards's sentence is untimely.

## II.   EDWARDS'S UNEXHAUSTED PETITION SHOULD BE DISMISSED.

Before a state prisoner can seek federal habeas relief, he must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives state courts the first opportunity to correct the allegedly constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner satisfies the exhaustion requirement by giving the highest state court a full and fair opportunity to consider each claim *before* presenting it in a federal petition. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

The California Supreme Court summarily denied Edwards' petition. (Ex. F.) Thus, this Court must look though the summary disposition to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Here, the Solano Superior Court denied Edwards' petition because Edwards failed to exhaust his administrative remedies. (Ex. B.) The superior court relied on *In re Dexter*, 25 Cal. 3d 921, 925 (1979) and *Wright v. State of Cal.*, 122 Cal.App.4th 659, 667 (2004). (Ex. B at 1.) In *Dexter*, the California Supreme Court held, in relevant part, that the general rule that a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies is applicable to grievances filed by prisoners. *Dexter*, 25 Cal. 3d at 925. Therefore, a denial based on a citation to *Dexter* is the court declining review based on a state procedural ground. Likewise, in *Wright v. State*, the appellate court held that that an inmate who has not completed the administrative review process as outlined in the California regulations, has failed to exhaust administrative remedies. (*Wright*, *supra*, 122 Cal. App. 4th at 667.) The denial of Edwards's petition on a procedural ground is insufficient to

5

demonstrate that he has fully exhausted his state court remedies, as the state court was not given a fair opportunity to address the merits of his claims because of the procedural context in which the claims were presented. *See Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994).

Further, Edwards did not present his federal due process claim to the California Supreme Court. The fair presentation requirement is not met, when the claim has not been raised within the four corners of the state petition. *See e.g. Baldwin v. Reese,* 541 U.S. 27, 32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Here, Edwards asserts that he has a constitutionally protected liberty interest and that the credit limitations specified in California Penal Code section 2933.1 was improperly applied to him in violation of the Fourteenth Amendment. (CD 18 at 11.) Yet, in the petition filed in the California Supreme Court, Edwards relied only on California law and California statutes. (Ex. E at 4, 7-10.) Edwards did not raise a federal due process claim nor did Edwards argue that there was a liberty interest entitling him to federal due process protections. (Ex. E at 4, 7-10.) Edwards did not alert the California Supreme Court that there was a federal claim. *Picard*, 404 U.S. at 270 (state prisoner is required to present to the state courts "the same claim he urges upon the federal courts"). By not affording the California Supreme Court a full and fair opportunity to consider his claim, the claim raised in this Petition is unexhausted. *Picard,* 404 U.S. at 275-76. The Motion to Dismiss should be granted.

### III. THE PETITION SHOULD BE DISMISSED AS PROCEDURALLY BARRED UNDER THE INDEPENDENT AND ADEQUATE STATE LAW DOCTRINE.

A federal court will not review the merits of a claim, when it has been rejected by the state court based on a state procedural rule that is both independent of federal law and is firmly established and consistently followed. See, *e.g., Walker v. Martin,* 562 U.S. ___, 131 S. Ct. 1120, 1127–1128 (2011); *Beard v. Kindler,* 558 U.S. ___, 130 S. Ct. 612, 617–618 (2009). Federal courts must look to the last state court decision to determine whether the federal claim is procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

As discussed above, the California Supreme Court summarily denied Edwards's petition for review. (Ex. F.) Thus, this Court must look though the summary disposition to the Solano

Superior Court decision denying Edward's state petition based on a state procedural ground, expressly that Edwards failed to exhaust his administrative remedies. *Ylst*, 501 U.S. at 803. (Ex. B.)  The superior court relied on *In re Dexter*, 25 Cal. 3d 921, 925 (1979) and *Wright v. State*, 122 Cal. App. 4th 659, 667 (2004).  (Ex. B at 1.)

In California, the state procedural bar against hearing claims that have not been exhausted through the administrative appeal process is well-established and regularly applied, as an inmate must exhaust administrative remedies "before resorting to a petition for habeas corpus in the courts." In re *Muszalski*, 52 Cal. App. 3d 500, 508 (1975).  California state courts have determined that the CDCR appeals process provides for "speedy determinations" and "has provided inmates with viable, efficacious, administrative remedies." *Id.* at 507-08; *see also Woodford v. Ngo,* 548 U.S. 81, 85 (2006).  As further explained by the *Wright* court, which was cited by the California Court of Appeal in the instant matter, an inmate's claim is within the "special jurisdiction" of CDCR's administrative body.  *Wright,* 122 Cal. App. 4th at 665-66. "[T]he courts may act only to *review* the final administrative determination.  If a court allowed a suit to be maintained prior to such final determination, it would be interfering with the subject matter jurisdiction of another tribunal." *Id*. at 666.

District courts have consistently held that California's administrative exhaustion rule is both independent and adequate to support the state court judgment. *Herrera v. Gipson*, No. 2:12-CV-2982 TLN DAD, 2014 WL 5463978, at *3-4 (E.D. Cal. Oct. 27, 2014); *Garner v. Yates*, No. 1:11-CV-02051 LJO, 2012 WL 1192847, at *5 (E.D. Cal. Apr. 10, 2012); *Chatman v. McDonald*, No. 2:08-CV-2054 KJM EFB, 2012 WL 6020030, at *1-2 (E.D. Cal. Dec. 3, 2012); *Edwards v. Small,* No. 10CV918-JM JMA, 2011 WL 976606, at *8-9 (S.D. Cal. Feb. 18, 2011); *Johnson v. Harrington,* No. 1:11-CV-00207-AWI, 2011 WL 1807219, at *2-3 (E.D. Cal. May 11, 2011)

Edwards contends exhaustion of administrative remedies is not an adequate bar because the state court's misapplied the state procedural bar and that under state law he is excused from exhaustion.  (CD 18 at 8, 9-10.)  It is not the province of a federal court on habeas corpus to review whether the state court correctly applied its own procedural bar. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-

7

court determinations on state-law questions."); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (no review of errors of state procedural rules).  Here, administrative exhaustion is an independent and adequate state ground.  While federal courts have reviewed application of a procedural bar where the state court ruling is untenable and was made to avoid federal review, such is not the case here.  *Lopez v. Shriro*, 491 F.3d 1029, 1043 (9th Cir. 2007).

## CONCLUSION

The Motion to Dismiss should be granted because the Petition is untimely, Edwards's claim is unexhausted and procedurally defaulted.

Dated:  April 22, 2015

Respectfully submitted,
KAMALA D. HARRIS
Attorney General of California
JENNIFER A. NEILL
Senior Assistant Attorney General

/s/ *Yun Hwa Harper*

YUN HWA HARPER
Deputy Attorney General
*Attorneys for Respondent*

SA2015101891
11849556.doc

# CERTIFICATE OF SERVICE

Case Name:   **In re David E. Edwards**         No.   **2:13-cv-01651-WBS-EFB**

I hereby certify that on <u>April 22, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOT. OF MOT.; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 22, 2015</u>, at Sacramento, California.

|  |  |
|---|---|
| S. Straw | /s/ *S. Straw* |
| Declarant | Signature |

SA2015101891
32053236.doc