UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT, Warden,<br><br>　　　　　Respondent. | No. 2:13-cv-1651-WBS-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was before the court on June 3, 2015 for hearing on respondent's motion to dismiss on the ground that the petition is untimely, unexhausted, and procedurally defaulted. Deputy Attorney General Yun Harper appeared on behalf of respondent; Attorney Jonathan Edwards appeared telephonically on behalf of petitioner. As stated on the record, and for the reasons stated below, it is recommended that respondent's motion to dismiss be granted on the ground that the petition is untimely.

**I.      Background**

On February 17, 2005, petitioner was convicted of the unlawful sale of securities, conspiring to engage in the unlawful sale of securities, and first degree burglary. ECF No. 1 at 5. He was sentenced to state prison for a term of twenty-seven years and eight months. *Id.* Immediately thereafter, the records department of the California Department of Corrections and Rehabilitation ("CDCR") applied the credit limitation in California Penal Code § 2933.1 to

1

petitioner. *Id.* at 5, 6-7. Section 2933.1(a) states that "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credits . . . ." Petitioner claims that the credit limitation in section 2933.1 has been unconstitutionally applied to him in violation of the Fourteenth Amendment, and that he should be earning credits at a rate of fifty percent. *See generally id.*; *see also* ECF No. 20 at 4.

Petitioner commenced this action on August 9, 2013. ECF No. 1. The court summarily dismissed the petition at screening pursuant to Rule 4 of the Rules Governing § 2254 Cases, for failure to state a claim. *See* ECF Nos. 7, 9. The United States Court of Appeals for the Ninth Circuit vacated the judgment and remanded on the grounds that summary dismissal was not appropriate in this case. ECF No. 14. Accordingly, this court ordered respondent to file a response to the petition. ECF No. 17. In response, respondent filed the instant motion to dismiss. ECF No. 19.

**II.      Respondent's Motion to Dismiss**

     **a.   The Limitations Period**

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (A) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (B) the date on which a state-created impediment to filing is removed, (C) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (D) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

The running of limitations period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012).

The statute is not tolled between the time the start of the limitations period is triggered and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

**b. Discussion**

Respondent argues that the petition is untimely, unexhausted, and procedurally defaulted. ECF No. 19. As discussed below, the court finds that the petition is untimely, and does not address respondent's alternative grounds for dismissal.

Petitioner advances several threshold challenges to the motion to dismiss, all of which must be rejected. First, he argues that the motion is "improper" because it was not specifically authorized by the court. ECF No. 20 at 2. Petitioner is mistaken. On February 19, 2015, the court ordered respondent to file a "response" to the petition within 60 days. ECF No. 17. The term "response" includes either an answer or a motion. *See* Advisory Committee Notes to Rules 4 & 5, Rules Governing 2254 Cases (respondent may respond to petition with an answer on the substantive merits or a motion on procedural grounds). Second, petitioner argues that the motion is "untimely" because it was not filed within 60 days of the court's February 19, 2015 order. ECF No. 20 at 2. Petitioner overlooks that an additional three days are added to the responsive deadline when a party must act after service of an order by electronic means. *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2)(E). Here, respondent had 63 days from February 19, 2015 to file a response. Respondent's motion was filed on April 22, 2015, one day *before* the deadline of April 23, 2015. ECF No. 19. Finally, petitioner argues the motion should be denied as "inconsistent"

1  with the Ninth Circuit's remand order. ECF No. 20 at 3. Again, petitioner is mistaken. The

2  remand order simply held that the court erred by summarily dismissing the petition. ECF No. 17.

3  The remand order did not require briefing on the merits of petitioner's claim or otherwise

4  foreclose a challenge to the petition on procedural grounds. *See id.*; s*ee also* Advisory Committee

5  Notes to Rule 4, Rules Governing 2254 Cases ("If summary dismissal is not ordered, the judge

6  must order the respondent to file an answer or to otherwise plead to the petition").

7        The court now turns to the substance of respondent's statute of limitations argument.

8  Where, as here, a petitioner challenges an administrative decision rather than a state court

9  judgment, the start of the limitations period is determined under § 2244(d)(1)(D)—the date when

10  the factual predicate of the claim could have been discovered by the petitioner through the

11  exercise of due diligence. *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012); *Shelby v.*

12  *Bartlett*, 391 F.3d 1061, 1065-66 (9th Cir. 2004). Where a petitioner challenges CDCR's

13  application of § 2933.1's credit limitation to his sentence, the one-year statute of limitations

14  begins to run the day after CDCR applies the credit limitation, because by that time petitioner is

15  aware or should be aware, of any misapplication of § 2933.1 to his sentence. *See Nivette v.*

16  *Marshall*, No. 09-cv-173-JAM-DAD, 2010 U.S. Dist. LEXIS 113882, at *9 (E.D. Cal. Oct. 25,

17  2010); *Soares v. Uribe*, No. 12-cv-473-AJB, 2012 U.S. Dist. LEXIS 183397, at *13-14 (S.D. Cal.

18  Nov. 27, 2012).

19        The statute of limitations began to run on or around February 20, 2005, because that is the

20  day after petitioner was convicted in state court and knew that CDCR would be applying the

21  credit limitation of § 2933.1 to his sentence. Petitioner did not file any administrative appeals to

22  delay the commencement of the limitations period,[1] did not file any state court petitions that

---

[1] "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for [ ] habeas claims." *Mardesich*, 668 F.3d at 1172. On December 9, 2011, petitioner's counsel wrote a letter to the Appeals Coordinator at California State Prison-Solano. ECF No. 19-1, Ex. 1. The letter was rejected from the inmate appeal process for failing to comply with California Code of Regulations. *Id.*, Ex. 2. On February 10, 2011, rather than complying with the directions in the rejection, petitioner's counsel drafted a letter to the Inmate Appeals Branch contesting the credit limitation. *Id.*, Ex. 3. Because petitioner never properly filed an administrative appeal, there was no final administrative decision in this case, and the appropriate date for the start of the limitations period would be when petitioner learned that the

4

would have tolled the limitations period before it expired, and advances no argument in favor of equitable tolling. Therefore, the August 9, 2013 petition filed in this case is over eight years late.

Petitioner does not dispute that the credit provisions in § 2933.1 were applied to him by the CDCR in 2005. Yet he appears to argue 1) that the factual predicate of his claim arose on September 16, 2011, when § 2933 was amended, and 2) that the application of § 2933.1 to his sentence is an ongoing constitutional violation. ECF No. 20 at 4-6. Petitioner's arguments lack merit.

First, petitioner argues that the factual predicate of his claims arose on September 16, 2011, when § 2933 was amended. The 2011 amendment deleted subsection (e) of § 2933 (granting one day of credits to persons sentenced to prison for every day of time served in a county facility from date of arrest), and has no apparent application to petitioner's claim, which is based on the fifteen percent worktime credit limitation imposed by § 2933.1. Petitioner has known since 2005 that CDCR is applying § 2933.1 to his sentence. He fails to show how any amendment to § 2933 would change the commencement date for the statute of limitations in this case.

Even if the limitations period began to run on September 16, 2011, the petition is still late. If the limitations period began to run on September 16, 2011, 222 days passed by the date that petitioner filed his first state court petition in superior court on April 25, 2012. ECF No. 19-1, Ex. A. After that petition was denied, petitioner filed a petition in the appellate court, which was also denied. ECF No. 19-2, Exs. B, C; ECF No. 19-3, Ex. D; Petitioner then filed a petition in the state supreme court, which was denied on October 31, 2012. ECF No. 19-3, Exs. E, F. Assuming the benefit of statutory tolling, the statute of limitations would be tolled from April 25, 2012 (date first petition filed) until October 31, 2012 (date last petition denied). On November 1, 2012, the limitations period would begin to run again, leaving petitioner with another 143 days (until March 25, 2013), to file a petition in this court. Petitioner did not file the instant petition until August 9,

---

credit limitation of § 2933.1 was being applied to his sentence. *See Miranda v. Lewis*, No. C 12-3658-SI, 2013 U.S. Dist. LEXIS 27076, at \*6 (N.D. Cal. Feb. 27, 2013); *Hegler v. Swarthout*, No. 2:10-cv-3235-KJM-GGH, 2011 U.S. Dist. LEXIS 122193, at \*8-9 (E.D. Cal. Oct. 20, 2011).

2013.  Thus, even with the benefit of 189 days of statutory tolling and a start date of September 16, 2011, the petition would still be over four months late.

Petitioner also argues that the credit limitation constitutes an on-going violation because the limitation is being applied to him daily.  This argument lacks merit.  A continuing *impact* from a past violation is not actionable under the continuing violation theory.  *Knox v. Davis*, 260 F.3d 1009, 1015 (9th Cir. 2001).  CDCR originally applied the credit limitation to petitioner's sentence in 2005.  Petitioner fails to demonstrate that a new violation occurs each day the credit limitation is applied to him.  Rather, CDCR's continued application of the credit limitation is merely the continuing effect of its original application.  *See Knox,* 260 F.3d at 1013; *see also Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation").

In a related argument, petitioner suggests that the one year limitation should not begin to run until he has served at least fifty percent of his time because until then, application of the credit limitation will have no observable effect on his custody status.  *See* ECF No. 20 at 5 (arguing that if he had been earning credit at a rate of fifty percent, as he claims he should, he would be entitled to release by the time he served fifty percent of his sentence).  Petitioner cites to no authority to support this argument.  Moreover, § 2244(d)(1) does not offer a start date to the limitations period based upon when the "effects" of a constitutional violation might be felt.

For the reasons stated herein, the motion to dismiss should be granted.  Even assuming petitioner could benefit from a September 16, 2011 start date to the statute of limitations, plus 189 days of statutory tolling while his state court petitions were pending, the petition is still untimely.

**III.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 22, 2015 motion to dismiss (ECF No. 19) be granted on the grounds that the petition is untimely under the statute of limitations and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written

6

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 19, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE